### UNITED STATES v. BONNER et al.

(District Court, E. D. Pennsylvania. January 3, 1923.)

No. 26.

**I. Criminal law ☞409—Defendant's statements held not to support charge of unlawful transportation.**

A charge of unlawfully transporting liquor *held* not supported by testimony of the arresting officer that defendant said he was going to load the liquor on a truck, but that it remained in defendant's house until loaded and transported on order of the officer.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Intoxicating liquors** ⬤⟶198—**Information for unlawful possession sustained by evidence.**

Evidence of a statement by defendant that he was going to load a quantity of liquor then in his private dwelling on a truck standing by the cellar window *held* to warrant filing of an information charging unlawful possession.

Criminal prosecution by the United States against John Bonner and others. On motion to quash information. Denied.

Robert M. Anderson, Asst. U. S. Atty., and George W. Coles, U. S. Atty., both of Philadelphia, Pa.

John F. McEvoy, Edward S. Kremp and Herbert W. Salus, all of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. [1] The information filed by the United States attorney charges that the defendants, in violation of title 2, § 3 of the National Prohibition Act (41 Stat. 305), transported and possessed intoxicating liquor, to wit, 333 gallons, more or less, of wine, and 47 quarts, more or less, of champagne. The defendants were held in bail by the United States commissioner after a hearing at which a city police officer testified that he saw a truck go to the private dwelling of the defendant, Bonner, about 1:50 a. m., that the truck backed up to the curb and a sliding board was run out from the truck to the cellar window, that there was a light in the cellar window, that Bonner was standing at the cellar window and a box was on the window sill, that the light went out in the cellar when the defendants saw the officer, but was lighted again when he started across the street. The officer testified:

"So I walked over and stopped, and asked what it was, and Bonner says to me, 'Can't you see?' and I says, 'Yes.' So I says, 'What are you going to do?' and he says, 'We are going to load it.' I says, 'You are going to load it, and I will place you under arrest.'"

It appears from the testimony that the liquor was not placed upon the truck or transported until the officer ordered it so placed and put the defendants under arrest. While it is apparent from the testimony that the intention of Bonner and the other defendants was to transport the liquor in the truck, the evidence conclusively shows that no such transportation had begun and that whatever transporting was done was done at the direction of the officer.

[2] As to the charge of possession, the officer testified that the dwelling house, from which it was the intention, apparently, of the defendants to transport it, was the private dwelling house of Bonner. It was not unlawful, therefore, for the owner to possess liquor therein, if the possession came within the proviso of section 33 of the Prohibition Act, as follows:

"Provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and his bona fide guests when entertained by him therein."

As the defendant, Bonner, admitted to the officer, "We are going to load it," there was evidence before the commissioner from which he

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

could find that the liquors did not come within the proviso of section 33, but were for some other use than therein provided. If there is any evidence, however slight, before the commissioner from which he can find probable cause, the court will not disturb his finding, for it is his function, and not that of the court, to pass upon the sufficiency of the evidence at the preliminary hearing if there is any evidence at all.

The motion to quash the information is therefore denied.